**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Kenneth Lee Johnson,<br><br>          Petitioner,<br><br>     vs.<br><br>Cal Terhune,<br><br>          Respondent. | CV 01-04169 RSWL (JPRx)<br><br>**ORDER RE: PETITIONER'S FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4) MOTION TO DISMISS THE COURT'S APRIL 24, 2003, JUDGMENT** [65] |

Currently before the Court is Petitioner Kenneth Lee Johnson's ("Petitioner") Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) Requesting an Order Dismissing the District Court's April 24, 2003, Judgment [65]. The Court, having considered all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:** Petitioner's Motion is **DENIED**.

Under Federal Rule of Civil Procedure 60(b)(4), a court may relieve a party from final judgment if such judgment is "void." A judgment is "void" only if the court that rendered it lacked subject matter or

1

personal jurisdiction or if, in rendering the judgment, the court acted in a manner inconsistent with due process. Id. A motion under Rule 60(b)(4) must be made within reasonable time after final judgment is entered, otherwise the court may deny the Motion. Fed. R. Civ. P. (c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). See also U.S. v. Real Property Known & Numbered as 429 S. Main St., New Lexington, Ohio, 906 F. Supp. 1155, 1163-64 (S.D. Ohio 1995).

    Although Petitioner is correct that a Rule 60(b)(4) motion is not constrained to a one-year time limit as are motions brought under Rule 60(b)(1)-(3), he presents no legal or evidentiary support for the notion that filing a Rule 60(b)(4) motion nearly a decade after the entry of judgment in this case qualifies as being "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Petitioner has offered no explanation for why he waited nearly ten years to bring this Motion or why he could not have made these argument much earlier than he did.

    Moreover, Petitioner would fare no better even if his claims, as set forth in this Motion, were considered on the merits. Petitioner alleges that the

Court's Judgment of April 24, 2003, is void because pages from the Reporter's Transcript were missing when he filed this Action and because the Magistrate Judge denied without prejudice Petitioner's request for an evidentiary hearing during the habeas proceedings. However, Petitioner has neither demonstrated that the incomplete Recorder's Transcript prejudiced him, <u>Manelski v. Superior Court</u>, No. EDCV 07-926 VBF (FFM), 2011 WL 5174213 at *9 (C.D. Cal. 2011), nor established that he was entitled to an evidentiary hearing in the first place, <u>Hurles v. Ryan</u>, 706 F.3d 1021, 1039 (9th Cir. 2013).

    Accordingly, the Court **DENIES** Petitioner's Rule 60(b)(4) Motion.

**IT IS SO ORDERED.**

DATED: May 30, 2013.

                               RONALD S.W. LEW
                                ————————————————
                                **HONORABLE RONALD S.W. LEW**
                                U.S. District Court Judge